IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                  No. CIV-05-0980 JB/WPL
                                                                                                                          CR-04-755 JB

RAUL MILLER-RUBIO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 25) filed September 12, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to an indictment charging reentry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). On October 18, 2004, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence.

In his § 2255 motion, Defendant relies upon the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), for the challenge to his sentence. The *Blakely* decision applied the rule the Supreme Court announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts that a jury finds beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. The Court in *Blakely* set aside a state court sentence greater than the state's guideline range to which the defendant had stipulated in his guilty

plea. *See* 542 U.S. at ---, 124 S. Ct. at 2538. The more recent decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

The benefit of these recent Supreme Court rulings are not available to Defendant on collateral review of his criminal conviction. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely v. Washington* and *United States v. Booker* merely apply the previously announced rule from *Apprendi*, *see Blakely v. Washington*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and to those on direct review. *See Booker v. Washington*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. The defendant is not entitled to relief under these decisions, and the Court will dismiss this claim.

The Defendant also makes an argument for sentence reduction under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Subsequent decisions, including *Shepard v. United States*, --- U.S. ---, 125 S. Ct. 1254 (2005), make clear that this argument is unavailing. As the United States Court of Appeals for the Tenth Circuit has stated:

> We note that in the recent case of *Shepard v. United States*, No. 03-9168, 544 U.S. __, 2005 WL 516494 (Mar. 7, 2005), Justice Thomas stated that a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. Justice Thomas also predicted that *Almendarez-Torres* would be overruled sometime in the near future. *Shepard*, 2005 WL 516494, at *9 (Thomas, J., concurring). Nonetheless, "we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and extended to the Guidelines in [*United States v.*] *Booker*, [125 S. Ct. 738 (2005)] remains good law."

*United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 n.12 (10th Cir. Apr. 11, 2005) (quoting *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005)).  The decision in *Almendarez-Torres v. United States* thus provides no support for the Defendant's claims.  The Defendant is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

**IT IS THEREFORE ORDERED** that the Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 25) filed September 12, 2005, is DISMISSED with prejudice; and pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, *see United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE